**John Stephen LARKIN, Plaintiff–Appellant,**

v.

**Patrick SAVAGE, John Doe, John Rittenhouse, Charles Campisi, Anthony Cartusciello, and P.O. Lodyzinski, Defendants–Appellees.**

**Docket No. 01–0227.**

United States Court of Appeals, Second Circuit.

Submitted: Jan. 17, 2003.

Decided: Jan. 23, 2003.

John Stephen Larkin, Mid–State Correctional Facility, Marcy, NY, pro se.*

Before: LEVAL and CABRANES, Circuit Judges, and BERMAN,** District Judge.

PER CURIAM.

Plaintiff John Stephen Larkin filed a complaint (the "Complaint") on July 20, 2001 in the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge* ) against the various police-officer defendants, alleging that they denied him due process in violation of 42 U.S.C. § 1983 by refusing to return his motor vehicle, which he turned over to the police at the time of his arrest on October 11, 1996. He now appeals from a judgment entered on September 4, 2001, dismissing his Complaint *sua sponte* pursuant to 28 U.S.C. § 1915A.

We review *de novo* a district court's *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A. *See Marvin v. Goord,* 255 F.3d 40, 42 (2d Cir.2001). In reviewing a district court's decision to dismiss a prisoner complaint pursuant to § 1915A, we accept all of the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor. *See, e.g., Wynn v.*

*Southward,* 251 F.3d 588, 591–92 (7th Cir. 2001); *cf. Desiderio v. Nat'l Ass'n of Securities Dealers, Inc.,* 191 F.3d 198, 202 (2d Cir.1999) (holding that, in reviewing a district court's dismissal for failure to state a claim, "we accept all of plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff"). We must reverse a district court's dismissal pursuant to § 1915A whenever a liberal reading of the complaint gives any indication that a valid claim might be stated. *Wynn,* 251 F.3d at 592; *cf. Desiderio,* 191 F.3d at 202 ("We will not affirm the dismissal of a complaint unless it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief." (internal quotation marks omitted)).

## I.

According to the Complaint, Larkin was arrested on October 11, 1996 in Staten Island for driving with a suspended license. Compl. ¶ 4A. After being taken to the police station, he was questioned by Detective Patrick Savage about a homicide that had taken place. *Id.* Larkin consented to turn over his truck to the police for forensic testing in connection with the homicide investigation. *Id.* ¶ 4B. During the course of these events, Larkin's photograph was positively identified by an eyewitness to an armed robbery that occurred on October 9, 1996. *Id.* Accordingly, as soon as Detective Savage finished questioning Larkin with respect to the homicide, Larkin was charged with the armed

* Because the District Court dismissed the action *sua sponte,* before the New York Attorney General's Office was served with a copy of Larkin's complaint, the Attorney General's Office has declined to appear or file a brief on behalf of the defendants.

** The Honorable Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

robbery. *Id.* According to the Complaint, the homicide investigation is still on-going. *Id.*

On January 31, 1997, Larkin received an "Order of Release" for his motor vehicle, issued by the Richmond County District Attorney's Office, which stated that there was "no further use for this property by this office." *Id.* ¶ 4C. According to Larkin, he presented the order of release to Detective Savage that same day, but Detective Savage "refuse[d] to acknowledge" the order. *Id.* Larkin then contacted the New York State Attorney General's Office, which assigned his claim an identification number and directed him to the New York State Bar Association, which, in turn, directed him to the New York State Commission of Investigation, which then directed him to the New York Police Department's Internal Affairs Bureau ("IAB"). *Id.* ¶¶ 4E–H.

On or about April 1, 2000, Larkin filed a complaint with the IAB. *Id.* ¶ 4I. In a letter dated April 26, 2000, Sergeant John Rittenhouse informed Larkin that his truck was located at the New York Police Department's Motor Vehicle Impound Facility on 31st Avenue in Queens and had

been verified as ready for release. *Id.* ¶ 4K. He also provided Larkin with copies of the documents that he, or his duly authorized representative, would have to present to Police Officer Lodyzinski, the clerk of the impound facility, in order to recover his vehicle. *Id.* According to Larkin, his "duly-authorized" representative presented the required documents to Officer Lodyzinski on or about May 18, 2001, but Officer Lodyzinski, claiming to be acting under the direct order of Detective Savage, refused to release the vehicle.[1] *Id.* ¶¶ 4N–O.

## II.

In a Memorandum and Order dated August 22, 2001, the District Court dismissed Larkin's Complaint *sua sponte* pursuant to 28 U.S.C. § 1915A, which requires district courts to review complaints filed by prisoners "before docketing, if feasible or, in any event, as soon as practicable after docketing," and to dismiss such complaints if, upon review, the court determines that the complaint fails to state a claim upon which relief can be granted or that the claims raised are frivolous or malicious.[2] The

---

1. At all relevant times, the Rules of the City of New York provided that, in order to recover "[p]roperty vouchered for investigation," that is "unconnected to an arrest," a claimant must "obtain a release from the investigating officer, in writing, usually on department letterhead." 38 R.C.N.Y. § 12–06, 12–38 (1991). Therefore, if, as the Complaint implies, the homicide investigation pursuant to which Larkin's car was seized was not connected to the armed robbery for which he was arrested, then, under Rule 12–06, Larkin would have had to obtain a release from Detective Savage in order to reclaim his car.

A different rule exists, however, for "[p]roperty seized at the time of an arrest or property seized in a case in which an arrest is later made." R.C.N.Y. § 12–38. Such "[a]rrest [e]vidence" would be "[r]eleased to claimant upon presentation of a District Attorney's release" to the property clerk, provided the

demand was "made within 90 days of the termination of the criminal proceedings or within 90 days after the issue of a District Attorney['s] release, whichever is sooner." 38 R.C.N.Y. § 12–03. It would seem from the Complaint that Larkin attempted to follow this latter procedure in obtaining his vehicle. It appears, however, that Detective Savage and Officer Lodyzinski believed that the car was investigative property and, therefore, that Rule 12–06 prohibited its release without Detective Savage's permission.

2. 28 U.S.C. § 1915A provides in relevant part:

(a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental

District Court noted that a claim is frivolous whenever "a dispositive defense clearly exists on the face of the complaint." *Larkin v. Savage*, 01–CV–4987 (NGG), at 2 (E.D.N.Y. Aug. 22, 2001) (*"Larkin "*) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir.1998)) (internal quotation marks omitted). The Court then determined that a dispositive defense exists to Larkin's claim because (1) deprivation of property does not violate the Due Process Clause if an adequate state law remedy exists for the deprivation, *id.* at 2 (citing, *inter alia, Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)), (2) New York provides such a remedy, *id.* at 2–3, and (3) Larkin has "not alleged facts which would demonstrate that his state remedies are in any way inadequate or inappropriate," *id.* at 3. The Court entered a judgment dismissing Larkin's Complaint on September 4, 2001, and Larkin timely filed this appeal.

In *Alexandre v. Cortes*, 140 F.3d 406 (2d Cir.1998), we reversed a district court's grant of summary judgment in favor of the defendants on a similar claim. We held in *Alexandre* that summary judgment was improper because the district court had not determined (1) whether the procedures set forth in § 12 of the Rules of the City of New York satisfy the requirements of the Due Process Clause, and (2) whether the claimant received adequate notice of these procedures. *Id.* at 414. Accordingly, we indicated that (1) whether the procedures set forth in City Rule § 12 meet the requirements of due process is an open question in our Circuit, and (2) even if these procedures are generally adequate, they only bar a § 1983 action for the deprivation of property *if the plaintiff was given proper notice of their requirements. Id.*

■ In the instant case, the District Court failed to address either of these issues. Instead, it summarily concluded that Larkin had not "alleged facts which would demonstrate that his state remedies are in any way inadequate or inappropriate." *Larkin* at 3. But the Complaint clearly indicates that Larkin was unable to reclaim his vehicle despite following the procedures suggested by various state employees. Accordingly, Larkin has certainly presented a material issue of fact as to whether he received adequate notice of the *proper* procedures for obtaining his vehicle. Further, even if Larkin had been given notice of the proper procedures, he alleges that he followed all of the instructions given to him but that, nevertheless, he was not permitted to recover his vehicle. If proven, this assertion would raise serious questions as to whether the state's procedures for recovering property were adequate to satisfy the requirements of due process and, therefore, whether they could be invoked as a defense to this action.

For the foregoing reasons, the District Court erred in determining that a dispositive defense exists on the face of Larkin's Complaint and, therefore, that the Complaint was frivolous. As a result of this error, the District Court improperly dismissed the Complaint *sua sponte* pursuant to 28 U.S.C. § 1915A.

Accordingly, the judgment of the District Court is hereby reversed and the case

entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

is remanded for further proceedings consistent with this opinion.