Francis A. ZARRO, Plaintiff–Appellant,

v.

Eliot SPITZER, Eric Dinallo, Town of Colonie Police Department, Scott Anderson, Rebecca Mullane, Rhonda Lustman, Lester Dier, Richard Friedman, Reese Lasher, Keith Vinson, John Segalla, Malcolm Taub, John Doe, A Detective in the Police Depart-

ment in the Town of Colonie, New York, Keeler Motor Cars, Inc., Sandy Keeler, Tom Tureen, Think About It Maine, Joel Portnoy, Cornerstone Private Capital, Country Club Funding, Ian Gazes, Defendants–Appellees.

No. 06–5893–cv.

United States Court of Appeals, Second Circuit.

April 18, 2008.

Francis A. Zarro, Jr., Wilton, New York, pro se, for Plaintiff–Appellant.

Martin A. Hotvet, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, and Nancy A. Spiegel, Senior Assistant Solicitor General, on the brief), for Andrew M. Cuomo, Attorney General of the State of New York, Albany, New York, for Amicus Curiae.*

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. PETER W. HALL, Circuit Judges, Hon. LEONARD B. SAND, District Judge.**

* Because the District Court dismissed Plaintiff–Appellant's complaint sua sponte before Defendants–Appellees were served with process, Defendants–Appellees do not appear in this appeal. On the request of this Court, however, the Attorney General submitted an amicus curiae brief in opposition to Plaintiff–Appellant's appeal.

## SUMMARY ORDER

Plaintiff appeals from the December 6, 2006 decision and order of the district court dismissing his amended complaint ("Complaint") in its entirety. In his Complaint, Plaintiff raised thirteen claims for relief. Counts 1 and 12[1] alleged that multiple defendants abused process, violated Plaintiff's rights under the Thirteenth Amendment, and deprived him of equal protection of the laws by investigating Plaintiff without statutory authority under State law and by allowing private actors to enforce civil obligations through the invocation of governmental process. (Am. Compl. ¶¶ 44–59, 134–37.) Counts 2 and 7 accused multiple defendants of interfering with Plaintiff's ability to pay attorney's fees in his criminal case. (*Id.* ¶¶ 60–65, 118–19.) Counts 3 and 9 claimed that multiple defendants conspired wrongfully to interfere with Plaintiff's bail and abused process by disseminating knowingly false statements about Plaintiff to Maine authorities that caused said authorities to investigate Plaintiff and warn investors about Plaintiff, and that those defendants further abused process by moving for revocation of Plaintiff's bail and denial of bail on the instant charges. (*Id.* ¶¶ 66–82, 122–24.) Counts 4 and 8 contended that various defendants tampered with, and intimidated, a potential defense witness, and removed evidence from the court and prevented Plaintiff from accessing it. (*Id.* ¶¶ 83–89, 120–21.) Count 5 accused multiple defendants of malicious prosecution

** The Honorable Leonard B. Sand, of the United States District Court for the Southern District of New York, sitting by designation.

1. Although Count 12 of Plaintiff's Complaint is therein labeled "Count Eleven," a review of the Complaint makes clear that it is the twelfth claim for relief.

based on his indictment and eventual acquittal on criminal charges related to John Segalla and Cornerstone Private Capital. (*Id.* ¶¶ 90–111.) Count 6 alleged abuse of process arising out of prejudicial statements and evidence introduced at trial that concerned Plaintiff's religious beliefs and practices. (*Id.* ¶¶ 112–17.) Count 10 claimed that multiple defendants conspired to falsely arrest and imprison Plaintiff and to interfere with Plaintiff's bail by arresting him in July 2003 for failure to pay a mechanic in Latham, New York. (*Id.* ¶¶ 125–26.) Count 11 claimed that the prosecutor made a false statement about Plaintiff's wife, thereby prejudicing the trier of fact against Plaintiff and causing Plaintiff's wife and children to avoid the judicial proceedings, and further made malicious statements about Plaintiff's family during sentencing. (*Id.* ¶¶ 127–33.) Finally, Count 13 [2] claims that various defendants used fraudulent affidavits to obtain search warrants, exceeded the scope of those warrants, failed to complete an inventory of the seized items as required by state law, withheld exculpatory evidence from Plaintiff during the investigation and trial, executed the search for harassment purposes, and interfered with Plaintiff's right to privacy by instructing his business associates to sever their relationships with Plaintiff. (*Id.* ¶¶ 138–44.)

The district court found that all of Plaintiff's claims "clearly implicate[d] the validity of his conviction" and were therefore barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Though the district court did not specify the statutory basis for its dismissal, we assume that it was applying 28 U.S.C. § 1915A, which allows the district court to dismiss a complaint filed by a prisoner upon finding that it "fails to state a claim upon which relief may be granted." [3] We review the district court's sua sponte dismissal of Plaintiff's Complaint de novo. [4] *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir.2003) (per curiam).

■ We agree with the district court that *Heck* bars Plaintiff from litigating Counts 1, 2, 4, 6, 7, 8, and 12 in this § 1983 action; these claims implicate the validity of Plaintiff's conviction, and as such they are not cognizable under § 1983 and must be brought in habeas. *Heck*, 512 U.S. at 487, 114 S.Ct. 2364. Counts 1 and 12 both rest on the alleged illegality of the entire investigation and prosecution of this case. Granting relief on either count would require finding that the prosecutor acted without legal authority, without probable cause, or in violation of Plaintiff's constitutional rights. Such a finding would necessarily impugn the validity of Plaintiff's conviction. Similarly, a ruling in Plaintiff's favor as to Counts 2 and 7, which raise questions about Plaintiff's Sixth Amend-

---

2. In the Complaint, Count 13 is mislabeled as "Count Twelve."

3. We assume the dismissal to have been pursuant to 28 U.S.C. § 1915A, despite the district court's grant of Plaintiff's motion to proceed in forma pauperis on October 30, 2006 and its reliance on 28 U.S.C. § 1915(e)(2)(B) in dismissing Plaintiff's original complaint, because the record does not reflect whether the district court was aware that Plaintiff had twice attempted to withdraw his application to proceed in forma pauperis (on October 2, 2006 and October 30, 2006).

4. We limit our review to the narrow question of whether Plaintiff's claims are barred by *Heck*. We do not consider, and thus do not address, whether some or all of Plaintiff's claims are subject to dismissal for failure to state a claim, *see* Fed.R.Civ.P. 12(b)(6); 28 U.S.C. § 1915A, or barred by qualified immunity, prosecutorial immunity, or any other defense that the defendants may choose to raise. These issues remain undecided and may be addressed by the district court and the parties on remand.

ment right to counsel, and Counts 4 and 8, which accuse the defendants of tampering with evidence and intimidating a witness, would also implicate the validity of his conviction. Finally, Count 6, which alleges that the defendants impermissibly maligned Plaintiff's religious practices during the trial, is barred for the same reason. We therefore affirm the district court's dismissal of these counts of Plaintiff's Complaint.

 Contrary to the district court, however, we find that Counts 11 and 13 encompass both claims that are barred by *Heck* and claims that are not. In Count 11, Plaintiff alleges that the defendants interfered with his family relationships by causing his wife and children not to attend his trial. He also claims that defendants did so by making false statements about Plaintiff's wife, thereby prejudicing the jury against Plaintiff. To the extent that Plaintiff challenges the prosecutor's statements as prejudicial to his defense, his claim is barred by *Heck*. But to the extent that Plaintiff is raising a substantive due process claim based on his interest in familial association, *see Moore v. City of East Cleveland*, 431 U.S. 494, 499, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977), his claim does not implicate the validity of his conviction and should not have been dismissed under *Heck*. As for Count 13, we find that it is barred by *Heck* to the extent that it accuses the defendants of withholding exculpatory evidence. *Amaker v. Weiner*, 179 F.3d 48, 51 (2d Cir.1999) (holding that *Brady* claims implicate the validity of the resulting conviction and are therefore barred by *Heck*). The remainder of Count 13, however, which rests on the alleged Fourth Amendment violation, is not barred by *Heck*, though Plaintiff's conviction and incarceration cannot satisfy the requirement that he show that the unconstitutional search caused him "actual, com-

pensable injury." *Heck*, 512 U.S. at 487 n. 7, 114 S.Ct. 2364 ("[A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction."). Thus, we affirm dismissal of Count 11 insofar as it challenges statements that prejudiced the jury, and we affirm dismissal of Count 13's exculpatory evidence claim. We otherwise reverse dismissal of Counts 11 and 13.

 With respect to the remaining counts, numbered 3, 5, 9, and 10, we reverse. A finding that the defendants conspired to falsely arrest and imprison Plaintiff in July 2003 on charges separate from those here, as alleged in Counts 3, 9, and 10, would not necessarily imply the invalidity of Plaintiff's conviction in this case. The State, in its amicus brief, suggests that *Heck* bars any claims relating to the July 2003 charges because those charges have not yet been resolved in Plaintiff's favor. (Br. of Amicus Curiae at 11.) While the State may be correct in suggesting that Plaintiff's Complaint fails to state a claim for malicious prosecution based on the July 2003 charges because those charges have not been resolved in Plaintiff's favor, *see Fulton v. Robinson*, 289 F.3d 188, 196 (2d Cir.2002) ("[A]n 'adjournment in contemplation of dismissal,' .... is not a favorable termination because it leaves open the question of the accused's guilt...."), *Heck* itself is inapplicable to those charges, as there is no extant conviction that a judgment in Plaintiff's favor could impugn, *see Wallace v. Kato*, —— U.S. ——, 127 S.Ct. 1091, 1098, 166 L.Ed.2d 973 (2007) (characterizing as "impractical[ ]" the suggestion that *Heck* should bar "an action which would impugn *an anticipated future conviction* ... until that conviction occurs and is set aside"). As for Plaintiff's allegation in Counts 3, 9, and 10 that the defendants interfered with

his access to bail, which we broadly construe (as we must[5]) to raise claims of false imprisonment, abuse of process, and a violation of substantive due process, a judgment in Plaintiff's favor would not necessarily imply the invalidity of his conviction or sentence. Count 5 contends that the defendants had no probable cause or statutory authority to charge Plaintiff with offenses relating to John Segalla and the Cornerstone Private Capital, charges of which Plaintiff alleges he was acquitted. This claim is also not barred by *Heck.*

We **AFFIRM** the district court insofar as it dismissed Counts 1, 2, 4, 6, 7, 8, and 12 and parts of Counts 11 and 13 of Plaintiff's Complaint, **REVERSE** insofar as it dismissed Counts 3, 5, 9, and 10, and **RE-MAND** for further proceedings consistent with this order.

---

**5.** "When considering motions to dismiss a pro se complaint such as this, courts must construe the complaint broadly, and interpret it to raise the strongest arguments that it suggests." *Weixel v. Bd. of Educ. of N.Y.,* 287 F.3d 138, 145–46 (2d Cir.2002) (internal quotation marks and brackets omitted).