10-1259-cv
Caswell v. Green et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of June, two thousand eleven.

PRESENT:

DEBRA ANN LIVINGSTON,
DENNY CHIN,
*Circuit Judges*,

JED S. RAKOFF,
*District Judge.*[*]

_____

REGGIE D. CASWELL,

*Plaintiff-Appellant*,

-v.-                                                                No. 10-1259-cv

MICHAEL C. GREEN, Monroe County District Attorney,
NANCY A. GILLIAN, Monroe County Assistant District
Attorney, JULIE M. FINOCCHINO, Monroe County
Assistant District Attorney,

*Defendants-Appellees*.

_____

_____

[*] The Honorable Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

1

KYLE G. GRIMM and JEFFREY P. MONGIELLO** (Jon Romberg, *on the brief*), Seton Hall University School of Law Center for Social Justice, Newark, New Jersey, *for Plaintiff-Appellant*.

BRIAN E. MARIANETTI, *for* William K. Taylor, Monroe County Attorney, Rochester, New York, *for Defendants-Appellees*.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, and DECREED that the judgment of the district court be VACATED and the case REMANDED for further proceedings consistent with this order.

Plaintiff-Appellant Reggie D. Caswell appeals from an order and judgment of the United States District Court for the Western District of New York (Telesca, *J.*) dismissing his complaint without prejudice and denying Caswell's motion for declaratory relief and a preliminary injunction. Appellant brought this action against Defendants-Appellees Michael C. Green, the District Attorney of Monroe County, and two Assistant District Attorneys, Nancy A. Gillian and Julie M. Finocchino, for a declaratory judgment and a preliminary injunction pursuant to 42 U.S.C. § 1983. Caswell alleged violations of his rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. On March 10, 2010, the district court performed an initial review of Caswell's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a), and issued an order dismissing the complaint without prejudice. The district court also denied Caswell's motion for a declaratory judgment and a preliminary injunction in the same order.

---

** Appearing pursuant to 2d Cir. R. 46.1(e).

Judgment was entered on March 11, 2010. Caswell timely filed a notice of appeal on April 1, 2010. We assume the parties' familiarity with the underlying facts and procedural history.

* * *

On appeal, Caswell argues that he properly brought this action under § 1983 because he only seeks to obtain trial and sentencing evidence, and does not challenge his conviction or sentence. Further, Caswell contends that the district court erred in finding his claims barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), because his claims, if successful, would not necessarily demonstrate the invalidity of either his conviction or the duration of his sentence. We agree, and conclude that the district court erred in dismissing Caswell's claims pursuant to *Heck*.

Section 1915A of Title 28 of the United States Code requires a district court to screen and review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court is required to dismiss a complaint if it determines, *inter alia*, that the complaint or action "fails to state a claim on which relief may be granted." *Id.* at § 1915A(b)(i); *see also id.* at § 1915(e)(2)(B)(ii). We review *de novo* a district court's *sua sponte* dismissal pursuant to § 1915A. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam).

The Supreme Court has interpreted *Heck*, and its related case law, to stand for the proposition that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Accordingly, we have held that "the governing standard for application of [*Heck*] . . . is

whether a prisoner's victory in a § 1983 suit would *necessarily demonstrate* the invalidity of his conviction or sentence; that a prisoner's success might be merely helpful or *potentially* demonstrative of illegal confinement is, under this standard, irrelevant." *McKithen v. Brown*, 481 F.3d 89, 102 (2d Cir. 2007). In addition, we have noted that "a prisoner's motives for bringing a § 1983 suit are . . . plainly beside the point." *Id.* Both this Court and the Supreme Court have therefore held that a post-conviction claim for access to evidence is properly brought under § 1983, where success in the suit would merely grant access to evidence that may be exculpatory, inculpatory, or inconclusive. *See Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011); *McKithen*, 481 F.3d at 102-03.

We believe *Skinner* and *McKithen* are equally applicable to this case. Here, Caswell's § 1983 action does not itself challenge any conduct that occurred at trial or at sentencing; instead, Caswell seeks access to certain exhibits admitted at his trial and sentencing for *future* proceedings, and disputes the District Attorney's failure to provide such evidence during his direct appeal. Moreover, Caswell seeks this evidence so that he may: 1) challenge the sufficiency of the evidence for his conviction; and 2) argue that he had insufficient notice of documents that would be used in his sentencing proceedings. In such circumstances, "even if success for [Caswell] might well make it *more likely* that [Caswell], in a subsequent proceeding, may eventually be able to make a showing that his conviction [and sentence] w[ere] unlawful, and even if [Caswell's] ultimate motive is to challenge his conviction – a post-conviction claim for access to evidence is cognizable under § 1983." *McKithen*, 481 F.3d at 103. Since Caswell's suit, if successful, would not *necessarily* invalidate his conviction or sentence, it is not barred by *Heck*. The district court therefore erred in concluding to the contrary.

4

For the foregoing reasons, the judgment of the district court is VACATED and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk