Cintron v. Doldo

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of April, two thousand seventeen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> > *Circuit Judges.*

_____

Melvin Cintron,

> *Plaintiff - Appellant,*

> v.                                                                                          16-2550

Nunzio E. Doldo, Warden/Superintendent; Cape Vincent
Correctional Facility, G. Decker, Director of Recreation;
Cape Vincent Correctional Facility, Mattraw, Recreation Staff;
Cape Vincent Correctional Facility, City of Cape Vincent,

> *Defendants - Appellees.*

_____

FOR APPELLANT:                    Melvin Cintron, pro se, Cape Vincent, New York.

FOR APPELLEE:                     No appearance.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Melvin Cintron, pro se, appeals from the district court's sua sponte dismissal of his 42 U.S.C. § 1983 complaint against a prison recreation staff employee, Mattraw, at the facility where Cintron was incarcerated. Cintron alleged that the prison employee violated his Eighth Amendment rights by failing to remove a chair from a baseball field. Cintron later ran into the chair during a game and broke his arm. The district court sua sponte dismissed Cintron's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's sua sponte dismissal of claims under §§ 1915(e)(2) and 1915A. *See Giano v. Goord*, 250 F.3d 146, 149–150 (2d Cir. 2001); *see also Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We afford pro se litigants "special solicitude" by interpreting a complaint filed pro se "to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal alterations and quotation marks omitted).

To state a cognizable Eighth Amendment challenge to conditions of confinement, a plaintiff must plead both an objective element and a subjective element. *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013). The objective element is met if the plaintiff alleges conditions that objectively posed an unreasonable risk of serious damage to his health so as to deny him "the minimal civilized measure of life's necessities." *Id.* (internal quotation marks omitted). When considering these conditions, a court should "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 35 (1993). The subjective element requires a plaintiff to allege that the defendant acted with deliberate indifference with regard to the risks posed by the condition. *Walker*, 717 F.3d at 125. The defendant must have known of the condition that posed an excessive risk to inmate health and chosen to disregard it. *Id.*

Cintron failed to satisfy either the objective or subjective elements. As to the objective element, the placement of the chair on the baseball field did not constitute a "deprivation . . . sufficiently serious that [Cintron] was denied the minimal civilized measure of life's necessities," nor did treatment by prison staff member Mattraw "deprive [Cintron] of his basic human needs." *Id.* (internal quotation marks omitted); *cf. Walker*, 717 F.3d at 126 (prisoner established objective element by showing he was kept in an unsanitary and poorly ventilated cell with five other men). As to the subjective element, Cintron did not adequately allege that the prison staff member acted with deliberate indifference. The facts pled in the complaint do not suggest that Mattraw was aware of the risk that the chair posed or that he disregarded such a risk. Conduct that constitutes

3

deliberate indifference must be more than mere negligence.  *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006).

Additionally, as Cintron had already amended his complaint, and failed to make a showing to the district court of how further amendment would cure the complaint's deficiencies, we find no error or abuse of discretion in the court's denial of leave to amend as futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

We have considered all of Cintron's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4