16-4143
*Wright v. Semple*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of August, two thousand seventeen.

PRESENT:
> ROBERT D. SACK,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

---

IAN WRIGHT,

*Plaintiff-Appellant,*

KYLE BAINES, DARRELL ATKINSON, DONOLD RAYNOR, ANTHONY COWARD, TERRY COLLINS, OREMA TAFT, MASHAWN GREEN, ANDRE CINICOLA, CURBIT MCCULLOUGH, MOISES POLANCO, BILL HENDERSON, TROY LITTLE, RANDALL BROWN, BRUCE KING, ALEXANDER TORRES, RASHAWN ROBSINSON, QUAN SOYINI, QUINCY RAPP, EXODUS COOKE, MARQUIS JACKSON, TAYLOR SOLOMON, ALEJANDRO HERNANDEZ, CHEYENNE CANCEPUON, JESUS ORTIZ, ERIC AMADO, MATHEW BOUTILIER, JORDAN B., MARK R., S. BODAMER, W. RODNEY, ANTHONY BRUNETTI, MARK M., SMITH G., ROCKY WILLIAMS, RASHEED JOHNSON, JAHAD

M. HARVEY, JASON MILLER, JORGE LUGO,

*Plaintiffs,*

v.                                                                16-4143

SCOTT SEMPLE, HE IS SUED IN HIS OFFICIAL
CAPACITY, HENRY FALCONE, HE IS SUED IN
HIS OFFICIAL CAPACITY, ERIKA TINDILL, SHE
IS SUED IN HER OFFICIAL CAPACITY, DAVID D.
EGAN, HE IS SUED IN HIS OFFICIAL CAPACITY,
JOHN DOE, DISTRICT ADMINISTRATOR, HE IS
SUED IN HIS OFFICIAL CAPACITY, JOHN DOE,
DIVISON ADMINISTRATOR, HE IS SUED IN HIS
OFFICIAL CAPACITY, J. CARLETON GILES,
DANNEL P. MOLLOY, HE IS SUED IN HIS OFFICIAL
CAPACITY,

*Defendants-Appellees.*

---

For Plaintiff-Appellant:        Ian Wright, *pro se*, Cheshire, CT.

For Defendants-Appellees:       No brief.

Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Ian Wright, a prisoner proceeding *pro se*, appeals from a judgment dismissing *sua sponte* his suit brought under 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

We review *de novo* a district court's *sua sponte* dismissal under 28 U.S.C. § 1915A. *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We afford a *pro se* litigant "special solicitude" by interpreting a complaint filed *pro se* "to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal alterations and quotation marks omitted). Wright raises four issues on appeal.

First, Wright argues that the implementation of Connecticut's risk reduction earned credit ("RREC") program, which required him to either attend prison programs he did not wish to attend or face disciplinary proceedings, amounts to a retroactive increase in punishment in violation of the Constitution's prohibition on *ex post facto* laws. The *ex post facto* clauses prohibit laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts." *Collins v. Youngblood*, 497 U.S. 37, 43 (1990). Here, assuming the directives Wright challenges are susceptible to *ex post facto* challenges, the directives on their face are regulatory, not punitive, in nature. *See Smith v. Doe*, 538 U.S. 84, 103 (2003) ("The *Ex Post Facto* Clause does not preclude a State from making reasonable categorical judgments that conviction of specified crimes should entail particular regulatory consequences.").

3

And any punitive effect of the directives, *i.e.*, Wright being required to participate in certain prison programs, was "innocuous" and not of "sufficient moment" to constitute an *ex post facto* violation. *See Lee v. Governor of the State of New York*, 87 F.3d 55, 59 (2d Cir. 1996). Further, any disciplinary charges Wright might face for failing to participate would be punishment for a new infraction, not an increase in punishment for his underlying conviction.

Second, Wright argues that he adequately alleged that defendants denied him due process by not affording him a deportation parole hearing. However, according to his own complaint, he was not yet eligible for such a hearing. And he points to no requirement that he be informed in advance of the procedures for requesting a hearing.

Third, Wright argues that he adequately pleaded that the RREC program denies him equal protection because prisoners convicted of the same crime as he was before 1981, when Connecticut changed the law to deny parole eligibility to individuals with such convictions, would be eligible for RREC, whereas he is not. However, unlike parole the RREC statute does not differentiate between pre- and post-1981 offenders. *See* Conn. Gen. Stat. § 18-98e(a).

Finally, Wright argues that the district court erred by dismissing his *pro se* complaint with prejudice without granting him an opportunity to amend. In this Circuit, *pro se* complaints should not be dismissed by the district court without granting leave to amend at least once when a liberal reading of the complaint gives

4

"any indication" that a valid claim might be stated. *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). However, a district court need not grant leave to amend when amendment would be "futile." *See, e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, Wright's first amended complaint simply removed additional putative plaintiffs, and his second amended complaint only corrected the caption to include the names of all the defendants. We conclude, however, that any error was harmless. The deficiency in Wright's complaint was not a lack of adequate factual allegations but rather a lack of entitlement to the relief sought. Accordingly, granting leave to amend would have been futile.

We have considered Wright's remaining arguments and conclude them to be without merit. Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5