Shapard v. Attea

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY
FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST
CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION
"SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY
PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second
Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley
Square, in the City of New York, on the 12ᵗʰ day of October, two thousand
seventeen.

PRESENT:  DENNIS JACOBS,
                JOSÉ A. CABRANES,
                RICHARD C. WESLEY,
                        <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X
CHRISTOPHER SHAPARD,
          <u>Plaintiff-Appellant</u>,

          **-v.-**                                                    **16-3764**

JOHN ATTEA, CORRECTION OFFICER, EDWIN
MENDEZ, CORRECTION OFFICER, ROBERT KYLE,
CORRECTION OFFICER,

1

**Defendants-Appellees,**

**AL HERDZIK, LIEUTENANT, MARTIN KEARNEY, CAPTAIN, ANTHONY ZON, SUPERINTENDENT, ROBERT A. KIRKPATRICK, SUPERINTENDENT, THOMAS SCHOELLKOPF, COMMISSIONER'S HEARING OFFICER, DONALD SELSKY, DIRECTOR, SPECIAL HOUSING UNIT,**
     **Defendants.**

- - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANT:** | LUKE X. FLYNN-FITZSIMMONS (Cameron S. Friedman, on the brief), Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY. |
| **FOR APPELLEES:** | PATRICK A. WOODS (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, on the brief), Assistant Solicitor General, for Eric T. Schneiderman, Attorney General of the State of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **VACATED** and **REMANDED**.

Christopher Shapard, an inmate in the New York State prison system, appeals the district court's <u>sua sponte</u> dismissal of his claims against defendants-appellees, three corrections officers at the Wende Correctional Facility.[1]   Shapard alleged that the officers used excessive force in violation of 42 U.S.C. § 1983 and the Eighth Amendment to the United States Constitution.   The United States District Court for the Western District of New York (Siragusa, <u>J.</u>) dismissed the claims, ruling that they were barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).   We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Shapard's complaint, filed <u>pro se</u> in 2008, alleges that on June 7, 2005, the three officers punched and kicked him and beat him with a baton, causing serious physical injuries that required medical treatment.   The complaint alleges excessive force in retaliation for grievances Shapard had filed.   The complaint also states that prison officials found after a hearing that Shapard had initiated the incident by assaulting one of the officers, John Attea.   The complaint itself neither admits nor denies this finding.   However, attached to the complaint are various documents that were produced in connection with the incident (including Shapard's grievance submissions and records from the prison disciplinary process), some of which reflect Shapard's contemporaneous denial of wrongdoing.   In addition, during his deposition in 2010, Shapard (who was not represented by counsel at the time) denied assaulting Officer Attea.

After the altercation with the officers (but before bringing the present suit), Shapard was charged with second degree assault, in violation of N.Y. Penal Law § 120.05(7).   He pleaded guilty, and admitted that "on or about June 7th of the year 2005 [he] was in the Wende Correctional Facility . . . and while therein set in forth actions that ultimately led to the injury of . . . Correction Officer John Attea." App'x at 1137-38.   Shapard later made an unsuccessful attempt to withdraw his plea and vacate his conviction.

---

[1] Shapard also brought claims against other prison officials.   Those claims were dismissed on separate grounds and are not at issue in this appeal.

In 2015, approximately five years after the deadline for dispositive motions in Shapard's § 1983 action, the officers moved for leave to file a motion for summary judgment, arguing that Shapard's excessive force claims were barred by Heck because they conflicted with his guilty plea.   Defense counsel explained that he "previously failed to recognize the law related to [Shapard's] plea of guilty to assaulting Attea and the ramifications such plea would have on the trial."   App'x at 961.   The district court found no good cause for the delay and denied the motion.   The court nonetheless dismissed Shapard's claims sua sponte.   It ruled that although "Heck does not necessarily bar excessive force claims where the plaintiff was convicted of assaulting officers during the same incident[,]" Shapard's version of the facts "clearly impl[ies] the invalidity of his assault conviction, which has not been set aside, and consequently [his claims] are barred by Heck[.]"   Shapard v. Attea, No. 08-CV-6146 (CJS), 2016 WL 4001362, at *4–*5 (W.D.N.Y. July 26, 2016), reconsideration denied, 2016 WL 5871360 (W.D.N.Y. Oct. 7, 2016).

We review de novo a district court's sua sponte dismissal of claims, accepting the facts alleged in the complaint as true and drawing all inferences in the plaintiff's favor.   See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).   To withstand dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).   We will reverse the dismissal if "a liberal reading of the complaint gives any indication that a valid claim might be stated."   Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam).

Under Heck, a claim that, if successful, would "necessarily imply the invalidity" of the plaintiff's prior state conviction is "not cognizable under § 1983" unless that conviction has already been invalidated.   Heck, 512 U.S. at 487. Shapard's excessive force claims are not Heck-barred because their favorable adjudication would not "necessarily imply the invalidity" of his prior assault conviction.   First, the elements of excessive force and second degree assault under N.Y. Penal Law § 120.05(7) are not incompatible.[2]   See Griffin v. Crippen,

---

[2] The elements of second degree assault under N.Y. Penal Law § 120.05(7) are: (1)

4

193 F.3d 89, 92 (2d Cir. 1999) (holding that appellant's conviction for assaulting prison guards was not incompatible with finding that guards responded with excessive force); Gilbert v. Cook, 512 F.3d 899, 901 (7th Cir. 2008) ("A contention that a guard struck back after being hit is compatible with Heck.").

Second, the complaint does not deny that Shapard assaulted Officer Attea. Although attachments to the complaint reflect Shapard's previous denials, the complaint does not necessarily adopt those denials (which were made years earlier, before Shapard pleaded guilty). A complaint does not necessarily adopt the statements contained in its attachments. See Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 675 (2d Cir. 1995) (holding that "[i]t was [] error for the district court to assume that plaintiffs' complaint adopted" the statements made in an attachment). It is improper to assume adoption when the complaint was filed pro se and the assumption results in dismissal. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (requiring that "submissions of a pro se litigant [] be construed liberally and interpreted to raise the strongest arguments that they *suggest*" because courts have an "obligation . . . to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training" (citations and quotation marks omitted)).

Shapard's claims do not depend on the invalidity of his assault conviction. His counsel (who was retained in February 2014) argued at a March 2014 court conference that although Shapard believed that he did not assault Officer Attea, the use of force applied by the officers would have been excessive even if he had.

---

while confined in a correctional facility, (2) after having been charged with or convicted of a crime, (3) an individual causes physical injury to another person, (4) with intent to cause such injury. See N.Y. Penal Law § 120.05(7). To state a claim for excessive force, an inmate must establish that a prison official applied force "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline." Hudson v. McMillian, 503 U.S. 1, 6, 7 (1992).

Shapard reiterated this argument in response to the officers' motion for leave to file for summary judgment:

> Plaintiff is aware that the <u>res judicata</u> effect of his guilty plea may prevent him from testifying as to whom initiated the incident that is the subject of this action. However, nothing in Plaintiff's guilty plea or allocution precludes him from testifying as to what happened next, including testifying as to force used against him by the Defendants and testifying as to the injuries he sustained.

App'x at 1279.

Shapard's plausible claim of excessive force can be reconciled with his assault of Officer Attea, and is therefore not barred by <u>Heck</u>. On remand, the district court may take appropriate steps to prevent Shapard from disputing the assault, including limiting his testimony and instructing a jury that he assaulted Officer Attea. <u>See</u> <u>Gilbert</u>, 512 F.3d at 902 ("It would have sufficed to tell the jurors that Gilbert struck the first blow during the fracas at the chuckhole, that any statements to the contrary by Gilbert (as his own lawyer) or a witness must be ignored, and that what the jurors needed to determine was whether the guards used more force than was reasonably necessary to protect themselves from an unruly prisoner.").

For the foregoing reasons, we hereby **VACATE** the judgment of the district court and **REMAND** for further proceedings.

<div style="margin-left:40%">

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

</div>