*Grief v. Quay*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand seventeen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> RAYMOND J. LOHIER, JR.,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

---

CHRISTOPHER GRIEF,

> *Plaintiff-Appellant,*

v.                                                                      16-1651

H. QUAY, in his official capacity,

> *Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT:           Christopher Grief, pro se, Brooklyn, NY.

FOR DEFENDANT-APPELLEE:            Varuni Nelson, Rachel G. Balaban, Assistant United States Attorneys, *for* Bridget M. Rohde, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and **REMANDED**.

Appellant Christopher Grief, proceeding pro se, appeals the district court's judgment dismissing his complaint for failure to state a claim upon which relief may be granted. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. We review de novo a district court's sua sponte dismissal of a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A, "accept[ing] all of the facts alleged in the complaint as true and draw[ing] all inferences in the plaintiff's favor." *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We afford a pro se litigant "special solicitude" and interpret his complaint "to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal alterations and quotation marks omitted).

To state a claim under the Religious Freedom Restoration Act (RFRA), a plaintiff must allege that there is a substantial burden on the exercise of her sincere religious beliefs. *See* 42 U.S.C. § 2000bb-1(a); *Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751, 2774 n.28 (2014) ("To qualify for RFRA's protection, an asserted belief must be 'sincere[.]'"). In the context of the First Amendment, "[w]e have repeatedly recognized that the judiciary has but a limited function in determining whether beliefs are to be accorded free exercise protection. Our scrutiny extends only to whether a claimant sincerely holds a particular belief and whether the belief is religious in

nature." *Jolly v. Coughlin*, 76 F.3d 468, 476 (2d Cir. 1996) (internal alterations, quotation marks and citations omitted). Our inquiry into the religious nature of professed beliefs employs "a more subjective definition of religion, which examines an individual's inward attitudes towards a particular belief system." *Patrick v. LeFevre*, 745 F.2d 153, 157 (2d Cir. 1984). However, we have also recognized, as a "limiting principle[,] . . . that 'an asserted belief might be so bizarre, so clearly nonreligious in motivation, as not to be entitled to protection.'" *Ford v. McGinnis*, 352 F.3d 582, 589 (2d Cir. 2003) (quoting *Frazee v. Ill. Dep't of Emp't Sec.*, 489 U.S. 829, 834 n.2 (1989)).

The district court, in dismissing the complaint for failure to state a claim, reasoned that Grief's "belief that stuffed animals are necessary for his religious practice falls within the category of beliefs that are 'so bizarre, so clearly nonreligious in motivation, as not to be entitled to protection.'" App'x 29 (quoting *Frazee*, 489 U.S. at 834 n.2). We will assume *arguendo* that this free exercise limitation applies equally to RFRA claims. However, whether a professed belief is entitled to free exercise protection under our precedents requires a determination by the "factfinder" regarding "whether the beliefs professed are, in the claimant's own scheme of things, religious." *Patrick*, 745 F.2d at 158 (internal alterations and quotation marks omitted). Accepting Grief's allegations as true and construing the complaint in the light most favorable to him, with the special solicitude that we afford to a pro se litigant, we conclude that the district court erred in deciding that Grief's belief regarding stuffed animals could not plausibly constitute a religious belief, and that the district court therefore erred in dismissing Grief's RFRA claim at this stage.

Accordingly, we **VACATE** and **REMAND** the judgment of the district court for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3