25-503-cv
*Bass v. Swartwood*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22ⁿᵈ day of December, two thousand twenty-five.

PRESENT:
> MYRNA PÉREZ,
> SARAH A. L. MERRIAM,
> *Circuit Judges*.*

---

Johann Alexander Bass, as an un-convicted pretrial detainee, and on behalf of all others similarly situated,

>*Plaintiff-Appellant*,

> v.                                                          25-503

Swartwood, Hearing Officer, Cayuga County Jail; J. Hewitt, Hearing Officer,

---

* Judge Alison J. Nathan, who was originally assigned to the panel, is unable to participate in consideration of this matter. Pursuant to this Court's Internal Operating Procedures, the appeal has accordingly been heard and decided by the remaining two judges of the panel. *See* 2d Cir. IOP E(b).

Cayuga County Jail; C.T. Ostrander, Custody Officer, Cayuga County Jail; Simpson, Corporal; Cayuga County Jail; Cayuga County,

*Defendants-Appellees.*\*\*

—————————————————————

FOR PLAINTIFF-APPELLANT:     JOHANN A. BASS, pro se, Auburn, NY.

FOR DEFENDANTS-APPELLEES:     No appearance.

Appeal from a February 10, 2025 order of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's order is **AFFIRMED** in part and **VACATED** in part.

Plaintiff-Appellant Johann Alexander Bass, a former pretrial detainee at Cayuga County Jail, appeals from the District Court's sua sponte dismissal, without prejudice, of his 42 U.S.C. § 1983 claims for failure to state a claim pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Bass commenced this action

---

\*\*     The Clerk of Court is respectfully directed to amend the caption accordingly.

2

against various county officials at the Cayuga County Jail alleging constitutional violations related to misbehavior reports and subsequent fines he received while in pretrial detention. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal, which we reference only as necessary to explain our decision to vacate the District Court's order in part and remand for further proceedings.[1]

## I.  Appellate Jurisdiction

Although an order dismissing a complaint with leave to amend within a specified period is not a final decision under 28 U.S.C. § 1291, "an appellant can render such a non-final order 'final' and appealable by disclaiming any intent to amend," *Slayton v. American Express Co.*, 460 F.3d 215, 224 (2d Cir. 2006), or by failing to amend within the prescribed time limit, *see Festa v. Local 3 Int'l Bhd. of Elec. Workers*, 905 F.2d 35, 36–37 (2d Cir. 1990); *see also Salmon v. Blesser*, 802 F.3d 249, 252 n.2 (2d Cir. 2015) ("[A]n appeal may be pursued where . . . the district court sets a deadline for amending and the plaintiff does not amend within the deadline.").

---

[1]  Bass's claims for injunctive and declaratory relief were rendered moot upon his release from custody. *See Booker v. Graham*, 974 F.3d 101, 107 (2d Cir. 2020).

Here, the District Court dismissed Bass's complaint on its initial review but granted Bass 30 days to amend. Because Bass did not amend before the deadline, and instead appealed, the order dismissing the complaint may now be treated as a final, appealable order.

## II. Standard of Review

"We review *de novo* a district court's dismissal of complaints under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) (citing *Larkin v. Savage*, 318 F.3d 138, 139 (2d. Cir. 2003) (per curiam)). "Further, when the plaintiff proceeds *pro se*, as in this case, a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations." *Id.* (citing *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001)). "We must reverse a district court's dismissal pursuant to § 1915A whenever a liberal reading of the complaint gives any indication that a valid claim might be stated." *Larkin*, 318 F.3d at 139 (citing *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001)).

## III. Fourteenth Amendment

Bass's complaint can be construed as asserting three separate causes of action under the Fourteenth Amendment: (1) an equal protection violation, (2) a procedural due process violation, and (3) a substantive due process violation. We

4

agree with the District Court that Bass's complaint fails to state a cognizable equal protection claim, and that it fails to state a cognizable procedural due process claim with respect to his allegations that Defendants unlawfully placed him on lockdown. We therefore affirm the District Court's order with respect to those claims. We likewise affirm the District Court's conclusion that Bass did not state a procedural due process claim as to the imposition of disciplinary surcharges—but we do so for different reasons, as set forth below. Finally, we disagree with the District Court that Bass failed to state a substantive due process claim that the disciplinary surcharge constituted an impermissible punishment; we therefore vacate and remand to the District Court for further proceedings.[2]

To start, Bass's complaint can fairly be construed as asserting a claim that the disciplinary surcharges were not random and unauthorized, but instead, were imposed pursuant to established state procedure. *See* App'x at 7. That distinction matters, because the Supreme Court has held that "postdeprivation remedies do not satisfy due process where a deprivation of property is caused by conduct pursuant to established state procedure, rather than random and unauthorized

---

[2] The District Court failed to address this claim in its decision, but we have identified it on our *de novo* review. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam) ("We review *de novo* a district court's *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A.").

5

action." *Hudson v. Palmer*, 468 U.S. 517, 532 (1984). Here, Bass explicitly alleges in his complaint that state officials at the Cayuga County Jail imposed the surcharges pursuant to established state procedure, N.Y. Comp. Codes R. & Regs. tit. 9, § 7006 *et seq.*, a comprehensive regulatory framework governing disciplinary actions in New York jails.[3] *See* App'x at 7.

However, even construed very liberally, Bass's complaint does not state a claim that the pre-deprivation process he received was constitutionally deficient. The only discernible process issue raised in Bass's complaint is his assertion that only judges may impose monetary fines. *See* App'x at 6. But due process imposes no such requirement. *See Allen v. Cuomo*, 100 F.3d 253, 259 (2d Cir. 1996) (concluding that, while "[a]n inmate subject to a disciplinary hearing is entitled to an impartial hearing officer" that officer "need not come from outside the prison"); *Almighty Supreme Born Allah v. Milling*, 876 F.3d 48, 55 n.3 (2d Cir. 2017) (finding that pretrial detainees, before being subject to disciplinary measures, have

---

[3]  We also note that even if Bass's claim can be construed as alleging that he was deprived of property through a random and unauthorized state action, that claim cannot be dismissed based on the availability of a Court of Claims action as a post-deprivation remedy. The Court of Claims has explicitly stated that "[this court] does not have jurisdiction over other municipalities such as [a] County [], its agencies, or any individual employee thereof." *Mooraty v. State*, No. 136658, 2021 WL 6428182, at *2 (N.Y. Ct. Cl. Dec. 22, 2021). Thus, counter to the District Court's conclusion, the Court of Claims does not have jurisdiction over claims against hearing officers at a county jail. We express no opinion as to whether other adequate post-deprivation remedies exist under New York state law.

6

procedural due process rights to "written notice, adequate time to prepare a defense, a written statement of the reasons for action taken, and a limited ability to present witnesses and evidence" (quoting *Benjamin v. Fraser*, 264 F.3d 175, 190 (2d Cir. 2001))).  Thus, Bass has not stated a claim for violation of his procedural due process rights.

That does not end our due process inquiry; we next consider Bass's substantive due process claim concerning whether the disciplinary surcharges constituted an impermissible punishment.  In his complaint, Bass asserted this claim under the Excessive Fines Clause of the Eighth Amendment.  *See* App'x at 5. However, because Bass is a pretrial detainee, "the relevant constitutional provision is not the Eighth Amendment but is, instead, the Due Process Clause of the Fourteenth Amendment."  *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983); *see also Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 250 (4th Cir. 2005) ("[B]ecause Slade is a pretrial detainee, not a prisoner, the protections afforded by the Due Process Clause of the Fourteenth Amendment, and not those afforded by the Eighth Amendment, apply.").

It is black letter law that a substantive due process deprivation may lie if a pretrial detainee is "punished."  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) ("[U]nder

7

the Due Process Clause, a [pretrial] detainee may not be punished prior to an adjudication of guilt."). "Absent a showing of an expressed intent to punish on the part of detention facility officials," whether a restriction imposed on a pretrial detainee amounts to punishment "generally will turn on 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].'" *Id.* at 538 (alterations in original) (quoting *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168–69 (1963)).[4] In other words, "if a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees." *Almighty*, 876 F.3d at 55 (quoting *Wolfish*, 441 U.S. at 539).

At this stage, "a liberal reading of the complaint gives an[] indication" that a plausible substantive due process claim "might be stated." *Larkin*, 318 F.3d at

---

[4]  The Supreme Court has also identified set of "useful guideposts," *Bell v. Wolfish*, 441 U.S. 520, 538 (1979), for identifying restrictions that amount to punishment: "[w]hether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of scienter, whether its operation will promote the traditional aims of punishment—retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned are all relevant to the inquiry." *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168–69 (1963).

139 (citing *Wynn*, 251 F.3d at 592). "Although prison officials are to be afforded deference in matters of institutional security, such deference does not relieve officials from the requirements of due process or permit them to institute restrictive measures on pretrial detainees that are not reasonably related to legitimate governmental purposes." *Almighty*, 876 F.3d at 56. Here, Bass has alleged that the surcharges were imposed without "any allegations of injury, loss of, or damage to Jail property." App'x at 5. He even alleges that one disciplinary surcharge was imposed merely "for saying 'I love you'" to his fiancée. App'x at 7–8. In other words, Bass has plausibly alleged that the surcharges were "arbitrary or purposeless." *Almighty*, 876 F.3d at 55 (quoting *Wolfish*, 441 U.S. at 539). At this stage, given the liberal reading afforded on account of Bass's pro se status, that is enough to withstand review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

## IV. Conclusion

Bass sufficiently stated a Fourteenth Amendment substantive due process claim related to the surcharges at this stage. Accordingly, the District Court order dismissing that claim is hereby **VACATED** and the case is **REMANDED** for further proceedings consistent with this order. We have considered Bass's remaining arguments and find them to be without merit. The District Court's

9

order with respect to Bass's other claims is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court